UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ALDANA,<br><br>            Plaintiff,<br><br>     v.<br><br>WALMART INC.,<br><br>            Defendant. | Case No. 1:23-cv-01534-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Docs. 3, 6-7) |

On June 13, 2023, Plaintiff Johnny Aldana ("Plaintiff") initiated this action with the filing of a complaint against Defendant Walmart Inc. ("Defendant") in the Superior Court of the State of California, County of Kern. (Doc. 1). Defendant removed the action to this Court on October 27, 2023. *Id*. That same day, the Court issued case management documents ordering the parties to file consent/decline of U.S. Magistrate Judge jurisdiction forms within 14 days from the date the action was removed from state court. (Doc. 3-1). On November 9, 2023, Defendant filed a consent/decline form. (Doc. 4).

On January 18, 2024, the Court reminded Plaintiff of his responsibility to file a consent/decline of U.S. Magistrate Judge jurisdiction form and directed him to file the form no later than January 23, 2024. (Doc. 6). When Plaintiff did not timely comply with that order, on January 24, 2024, the Court ordered Plaintiff within two days either to (1) show cause in writing why sanctions should not be imposed for his failure to timely comply with the Court's order, or (2) file

1

the required consent/decline form. (Doc. 7). The deadline has passed and Plaintiff has made no filing either responsive to the Court's show cause order or otherwise explaining his deficiency or seeking other relief.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the "just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey an order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Under these circumstances, the Court finds that Plaintiff's repeated failure to respond to the Court's orders regarding the filing of a consent/decline of U.S. Magistrate Judge jurisdiction form warrants a monetary sanction to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff said form. Any response by Plaintiff on the date of this Order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until he complies with this Order.

IT IS SO ORDERED.

Dated:   **January 29, 2024**

UNITED STATES MAGISTRATE JUDGE